UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>v.<br><br>$25,240.16 SEIZED FROM A<br>JPMORGAN CHASE BANK<br>ACCOUNT ENDING IN 4257,<br>　　　　　　　Defendant. | §<br>§<br>§　　CIVIL ACTION NO. _<br>§<br>§<br>§<br>§<br>§ |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America files this action for forfeiture in rem against $25,240.16 seized from a JPMorgan Chase Bank account with an account number ending in 4257 (the "Defendant Property"). The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. A substantial part of the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395.

THE DEFENDANT PROPERTY

3. The Defendant Property is $25,240.16 seized from a JPMorgan Chase

Bank account with an account number ending in 4257 and held in the name Muhammad Anis dba Lazeeza Restaurant.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."

5. A violation of 18 U.S.C. § 1014 (fraudulent loan application) constitutes "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(D). A violation of 18 U.S.C. § 1343 (wire fraud) constitutes "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

6. With regard to the civil forfeiture of fungible property, Title 18, United States Code, Section 984 provides that funds in a financial institution that are found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

7. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 as property which constitutes or is derived from proceeds traceable to specified unlawful activity.

FACTS

8. On or about June 30, 2020, a loan application and supporting documentation were electronically submitted to Kabbage Inc. on behalf of Muhammad Anis dba Lazeeza Restaurant, a business located in Houston, Texas. The Application contained materially false representations, including that the company had 28 employees and an average monthly payroll of $193,334.

9. The Application was approved, and on or about July 7, 2020, loan funds of $483,333 were deposited to a JPMorgan Chase Bank account with an account number ending in 4257 ("Account 4257"). The sum of $25,240.16 was seized from Account 4257.

A.  **Paycheck Protection Program Loans**

10. In response to the coronavirus (COVID-19) pandemic and economic crisis, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act. The law was designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the pandemic. The Act was signed into law in March 2020 and included the Paycheck Protection Program ("PPP"), which was implemented by the Small Business Administration (SBA) with support from the Department of Treasury.

11. Pursuant to the CARES Act, the amount of PPP funds a business was eligible to receive was determined by the number of employees of the business and

their average payroll costs. The maximum loan amount was generally limited to 2.5 times the business's average monthly payroll expenses.

12. Eligible businesses must have been in operation on or before February 15, 2020, and must have paid either employees or independent contractors. Pursuant to the program, the SBA would forgive PPP loans if all employees were kept on the payroll for eight weeks and the loan money was used for payroll, rent, mortgage interest, or utilities.

**B.    The Fraudulent Loan**

13. On or about June 30, 2020, a fraudulent PPP loan application and supporting documentation were electronically submitted on behalf of Muhammad Anis dba Lazeeza Restaurant.

14. The Application was approved, and on or about July 7, 2020, the loan funds of $483,333 were deposited to Account 4257.

15. The Application falsely claimed that the company had 28 employees and an average monthly payroll of $193,334.

    (1)    <u>The IRS Form W-3 was Fraudulent</u>

16. An IRS Form W-3 dated January 15, 2020, was submitted in support of the loan Application. According to the purported IRS Form W-3, the company issued a total of 28 IRS Form W-2 forms in 2019 and paid wages that totaled $2,320,000.

17. According to the IRS, however, Muhammad Anis and his company did not file an IRS Form W-3 for 2019.

    (2)    <u>Texas Workforce Commission Records</u>

18. The Texas Workforce Commission ("TWC") is a governmental agency of the State of Texas that provides unemployment benefits and services related to employment. TWC requires employers in Texas, such as Lazeeza Restaurant, to report unemployment insurance wages and to pay quarterly unemployment taxes.

19. According to TWC, however, prior to the PPP loan application, Muhammad Anis last reported that Muhammad Anis dba Lazeeza Restaurant paid one employee in the fourth quarter of 2018.

**C.**    **The Bank Account and Seized Funds**

20. The PPP loan was approved on or about June 30, 2020, in reliance on the material misrepresentations in the Application and the fraudulent supporting documents.

21. On or about July 7, 2020, fraudulent loan proceeds of $483,333 were wired into Account 4257.

22. The Defendant Property of $25,240.16 was seized from Account 4257 and is subject to forfeiture as the proceeds of specified unlawful activity pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be sent to the undersigned Assistant United States Attorney at the address provided in this Complaint.

The United States intends to serve notice, along with a copy of this Complaint, on Muhammad Anis dba Lazeeza Restaurant.

## RELIEF REQUESTED

The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

Jennifer B. Lowery
Acting United States Attorney

By:  /s/ Kristine E. Rollinson
Kristine E. Rollinson
SDTX Federal No. 16785
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## VERIFICATION

I, Derek Matthews, Special Agent with Homeland Security Investigations, U.S. Department of Homeland Security, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 8 – 22 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Derek Matthews, Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security